## JOHNSON v. LEHIGH VALLEY TRACTION CO.

(Circuit Court, E. D. Pennsylvania. June 12, 1905.)

No. 16.

1. STREET RAILROADS—LEASES—FORFEITURE—RETURN OF PROPERTY.

A consolidated electric railway company, composed of several independent companies, leased its lines to defendant; the lease providing that defendant, in addition to rentals, should expend $100,000 for improvements within two years, so that at all times the roads and rolling stock should be at least of equal efficiency and value as at the date of the lease; and at the termination of the lease defendant agreed to return the property to the consolidated companies in as good condition and repair as it was at the date of the lease, together with all the improvements, additions, betterments, enlargements, and extensions which were made during the lease. *Held*, that on defendant's insolvency and cancellation of the lease, the receivers were bound to return equipment to each subordinate company equal in value and efficiency to that which was received, and not merely equipment equal in value and efficiency to that received under the lease as a whole.

2. SAME—SET-OFF.

The excessive value of equipment returned to one of such companies could not be set off against the claim of another company for return to it of cars of equal value and efficiency.

3. SAME—EQUITABLE AND LEGAL RIGHTS.

Where a lease of the lines of a consolidated street railway company to defendant provided for a return of equipment, on cancellation of the lease, to each company, of equal value to that received by the lessee, the lessor's claim for return of specific cars on behalf of certain of the consolidated companies on termination of the lease by the insolvency of the lessee was an equitable right enforceable against property in the hands of its receivers by petition for surrender of specified cars; but the lessor's claim, under a betterment clause in the lease, for a share of cars purchased by the lessee which had not been appropriated to such lines, was a legal claim, allowable only as a claim against the proceeds of a sale of all of the insolvent's property by the receivers.

In Equity. Referring report back to master for further finding of facts:

Henry C. Boyer, for exceptions.
J. W. Bayard, opposed.

HOLLAND, District Judge. The Easton Consolidated Electric Company—a holding company—organized under the laws of New Jersey, purchased a majority or more of seven street railway companies and one illuminating company, in and about Easton, in the state of Pennsylvania, called in this proceeding the "Easton Companies." All these companies, excepting two, were subject to a mortgage at the time they were acquired by the Easton Consolidated Electric Company, and by it a trust mortgage was created, covering all of them, subject, however, to the prior mortgage created by them in their individual capacity. This holding company also issued stock to the amount of $450,000. These several Easton Companies were being operated in connection with each other by the Easton Consolidated Electric Company, when, on the 1st day of December, 1900, a lease of all of them was executed between it

and the Lehigh Valley Traction Company, with the assent of the stockholders of the separate companies, "each acting in respect to its own property and assets," wherein the Lehigh Valley Traction Company agreed to pay certain rentals to the holding company; to expend $100,000 "for the improvement and betterment of the demised property" within two years from the date of the lease; to "make such improvements, alterations, and additions to said roads and rolling stock," etc., "so that at all times the same shall be of at least of equal efficiency and value" as at the date of the lease, and, at the termination of the lease for any reason, it "agrees to return the property to the Easton Companies in as good condition and repair" as they were at the date of the lease, "together with all the improvements, additions, betterments, enlargements and extensions" which were made during the lease. The Easton Companies were operated by the defendant, in connection with its lines, from the date of the lease, for a period of about two years and five months, when, on May 4, 1903, the Lehigh Valley Traction Company went into the hands of receivers. During the time the Easton Companies were under the management of the defendant corporation, extensive changes were made in the equipments of the Easton Companies, for improvement and betterment of the demised property, amounting to about $77,606. The tracks of the Easton Transit Company were changed from broad to a standard gauge, and much of the rolling stock was replaced by new cars. There were also changes made in the equipment and rolling stock of the other companies included in the Easton Companies, and some of the cars of the Easton, Palmer & Bethlehem Street Railway Company were disposed of, and new cars substituted; but at the time of the appointment of the receivers there were nine of the old cars of this latter company still in their possession, which they hold at this time. The defendant company became embarrassed and failed in the performance of some of its obligations, and the Easton Companies filed a petition in this court on April 30, 1904, setting forth certain defaults in the payment of rentals under their lease dated December 1, 1902, and praying a cancellation of the same and a surrender of the demised property, including certain specified cars. The court subsequently decreed a cancellation of the lease, and the Easton Companies were returned to the former owners, together with certain improvements and betterments, but the rolling stock and equipments returned were not in all instances the same as those received by the defendant company when the lease was executed. Subsequently a petition was presented to this court, reciting the cancellation of the lease and the surrender of certain specified cars, and averring that the receivers of the Lehigh Valley Traction Company have not surrendered and refuse to surrender certain other cars and car bodies in their possession, and used on other railways of which they are receivers, and that the petitioners (the plaintiffs herein) are without sufficient cars to operate their railway and for its public service, and that their rights in the premises should be speedily determined, in advance of other questions in dispute, and praying for a rule on the

receivers to show cause why the said additional cars and all other cars and car bodies of the petitioners in the receivers' possession or control, or for which they are accountable, should not be immediately returned, or payment of their value made, prior to any other claims, out of the receivership funds, as well as damages for such detention. To this the receivers filed an answer in which they aver that they had not delivered the said additional cars and car bodies to the petitioners as claimed; that they are not the petitioners' property; that they are not all in the receivers' possession; that the petitioners are not, under any circumstances, entitled to said delivery, and they have sufficient cars to operate their lines sufficiently; that that is not a pertinent consideration in the present issues; and that they have received all the cars and car bodies which the receivers are required to return, or for which they should account to them. This petition and answer were referred to a master to take testimony to be submitted to him, and to inquire into the facts and report the same, and to report to this court as to the right of the petitioners in the premises.

The petitioners made the following claims before the master on behalf of the Easton, Palmer & Bethlehem Company, to wit: (1) Nine open bench cars now in the possession of the receivers; (2) in addition to a return of sufficient cars to the Easton, Palmer & Bethlehem Company to make an equipment of equal value and efficiency to that which the defendant received from this company, a return of such number of double-truck cars of the 70 purchased during the life of the lease under the betterment account as to which it would be entitled; (3) or of an immediate payment to the petitioners out of the general funds in the receivers' hands, arising from all sources, of an amount to enable them to equip the Easton, Palmer & Bethlehem Company with cars of equal value and efficiency to those turned over to the defendant, together with an amount to which they would be entitled under the improvement and betterment clause in the lease.

The master's report, with the evidence, was filed in this court May 5, 1905, together with a form of decree recommending the dismissal of the petition without prejudice, in order that the plaintiffs may renew their petition on final distribution. The facts found by the master material to the disposition of the case at this time are as follows: That the Easton Transit Company—one of the Easton Companies' lines—operated three smaller companies and a broad-gauge line in the city of Easton when it was taken into the combination known as the "Easton Companies," and was the owner of 26 open cars, 23 closed cars, and 2 St. Louis convertible cars, of broad gauge, making, in all, 51 cars on the entire system, which were passed over to the defendant company at the time of the execution of the lease to it. Another of the subordinate companies in the system known as the "Easton Companies" was the Easton, Palmer & Bethlehem Company, which was the owner of 5 closed cars and 9 open cars, making a total of 14 cars, which were also passed over to the defendant company as part of the property transferred by the Easton Companies at the time the lease was executed. The broad

gauge of the Easton Transit Company was changed to the standard gauge, and many of the old cars were replaced by new ones; and the receivers, upon cancellation of the lease, surrendered 52 cars to the Easton Transit Company, which they claim are more valuable and efficient than the old cars. The receivers also returned to the Easton, Palmer & Bethlehem Company 4 new St. Louis double-truck cars. These were a part of the 70 new cars of that type purchased by the defendant company during the life of the lease. But the master finds that these 4 cars alone are not a car equipment of equal value and efficiency to the car equipment which at the time of the lease was on the Easton, Palmer & Bethlehem line, but he is unable to determine from the evidence the extent of the deficiency. He further finds that the contention before him by the petitioners is that the excess of equipment returned to the Easton Transit Company, over and above what the defendant company received from it, cannot be set off against a deficiency in return equipment to the Easton, Palmer & Bethlehem Company, as compared with what the defendant company received from the Easton, Palmer & Bethlehem Company. In other words, the defendant company is required to return to each subordinate company of the Easton Companies an equipment equal in value and efficiency to that which it received from the respective companies. The master, however, if I understand him correctly, finds that, in his opinion, the defendant, under the lease, is only required to return an equipment, as a whole, equal in value and efficiency to that which was received, as a whole, under the lease, with whatever improvements that were made and apportioned under the betterment clause, but that, in his opinion, there were no apportionments of betterments made by the company prior to the cancellation of the lease, and therefore the plaintiffs are not entitled to the seven cars and car bodies as their share of betterments under the betterment clause; and he further finds that there is not sufficient evidence submitted to show whether or not the lessors have received, as a whole, upon all their lease lines, a car equipment of equal value and efficiency to that which was transferred to them under the lease, considering that obligation to include the questions of their respective market values, carrying capacities of the cars, their adaptabilities to the traffic for which they are to be used, the speeds at which they can be run, the cost of their operation, and their relative comfort for passengers, and therefore recommends a decree dismissing the petition, without prejudice to the rights of the petitioners to present their claims before the audit of the final accounting of the receivers of the defendant company, wherein all parties interested will have the opportunity of being heard, and a proper disposition of the petitioners' claim made. He further states that the claim of the petitioners, on behalf of the Easton, Palmer & Bethlehem Company, for a return of cars of equal value and efficiency to the cars received by it under the lease, is an equitable remedy, and can properly be considered in this proceeding, but that the claim of the petitioners to a return of additional cars under the equipment and betterment clause of the lease is a common-law right, and cannot be enforced in this

proceeding, as it is a claim against the entire fund in the hands of the receivers, and should be presented hereafter, when the receivers make a final accounting of the assets, and when all parties will be before the court and have an opportunity to be heard?

I do not agree with the master in his finding that, upon a cancellation of this lease, a return of the car equipment equal in value and efficiency to those received under the lease as a whole would be just and equitable, under all circumstances; and I am further of the opinion that the lease was drawn in such a way as to compel, in case of cancellation or abandonment, a return of equipment to each subordinate company equal in value and efficiency to that which was received. In other words, a return of the 52 cars to the Easton Transit Company may be required, in order that the efficiency on that company's lines would be equal to the efficiency of the cars received from that company, and yet the value of those cars returned may be in excess of the value of the cars which the defendant received from it. This excessive value cannot be set off against a claim of the Easton, Palmer & Bethlehem Company for a return of cars of equal value and efficiency to it, or else it might be possible for the property of the Easton, Palmer & Bethlehem Company to be depreciated through the action of this lease, by the return of less property than was taken from it under the lease. If, however, the owners of the Easton, Palmer & Bethlehem Company are identically the same persons with the owners of the Easton Transit Company, and these two companies can be operated together, and the cars of both used interchangeably, and that, so used, the cars which were returned are of equal value and efficiency to those disposed of under the lease, another question might arise; but there is not sufficient evidence nor findings of fact in the report of the master to ascertain the exact rights and equities between the parties, or what effect it would have upon the property of the Easton, Palmer & Bethlehem Company and the Easton Transit Company if no more cars were returned. In other words, both the Easton Transit Company and the Easton, Palmer & Bethlehem Company are entitled to a car equipment equal to that which was leased to the defendant, and the facts should be sufficiently ascertained to enable the court to make a decree accomplishing that result. These facts cannot be ascertained from either the evidence or the master's report.

The master, however, I think, is clearly right in holding that the claim for a return of specific cars on behalf of the Easton, Palmer & Bethlehem Company, equal in value and efficiency to the car equipment leased, is an equitable right. If, therefore, the evidence had been sufficient to enable the court or master to specifically find the relative situation of the two subordinate corporations, to wit, the Easton Transit Company and the Easton, Palmer & Bethlehem Company, it might be disposed of in this proceeding; but, as to the other part of plaintiffs' claim, the fact that the master finds that none of the new cars purchased by the defendant company during the life of the lease was appropriated during that time, the claim for their share of these cars under the betterment clause is no more than a common-law claim, and should be presented, as suggested

by the master, at the final hearing, and share with the other claimants in the entire fund of the defendant's property.

As to the claim for the original equipment, the plaintiffs are entitled to a return of specific cars, sufficient to make an equipment for each—the Easton Transit Company and the Easton, Palmer & Bethlehem Company—equal in value and efficiency to that which each transferred to the defendant under the lease; and, in case the specific property is not returned, it would seem that each company is entitled to an award out of the general fund in an amount which will enable them to equip their respective roads with cars equal in value and efficiency to those which were transferred under the lease. So that, in order that the claims of the petitioners may be properly disposed of, it will be necessary that this report should be referred back to the master to take further testimony and report further findings of fact. Before that can be done a sale of the property will have taken place under the decree of this court, and the cars claimed by the Easton, Palmer & Bethlehem Company will have been sold.

In order that the property about to be sold may be clear of any claims or incumbrances, and the rights of the petitioners may be preserved, a decree will be entered as follows: And now, to wit, June 10, 1905, the petition and answer in this case, together with the report of the master thereon, are referred back to him, without prejudice to the rights of the petitioners or the receivers of the Lehigh Valley Traction Company to take further testimony and to find additional facts hereinabove suggested, and further to report the same, together with a distribution to the claimants out of the general fund which the receivers will receive as the proceeds of the find additional facts hereinabove suggested, and further to report sale as shall be equitable under the facts as found.